UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSE ORRACA,

                Plaintiff,

v.

AUGUSTINE, Correctional Officer, et al.,

                Defendants.

_____

**DECISION AND ORDER**

10-CV-0840(M)

        Upon initial review of plaintiff's *pro se* inmate Complaint and application to proceed *in forma pauperis*, he was granted permission to proceed in forma pauperis. Hon. Michael A. Telesca's February 17, 2011 Order [4]. Before me is defendants' motion [38] to revoke plaintiff's *in forma pauperis* status, pursuant to 28 U.S.C. §1915(g), on the basis that prior to the granting of plaintiff's application to proceed *in forma pauperis* he had commenced three or more actions while incarcerated that were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. Plaintiff opposes the motion and cross-moves for the appointment of counsel [46].

        The parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. §636(c) [36].[1] For the following reasons, defendants' motion to revoke plaintiff's *in forma pauperis* status is granted, and the Complaint will be dismissed unless plaintiff pays the $350.00 filing fee by October 31, 2013. Plaintiff's motion for appointment of counsel is denied as moot, without prejudice to renewal upon payment of the filing fee.

---

[1]    Bracketed references are to the CM/ECF docket entries.

-1-

## ANALYSIS

28 U.S.C. §1915(e)(2)(B) provides that the court must dismiss a complaint "if the court determines that . . . the action . . . (I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Similarly, §1915A(a) requires the court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss the complaint for the same grounds listed in §1915(e)(2)(B), regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. §1915.

In addition, §1915(g) provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Thus, when an inmate has garnered three "strikes," the motion for *in forma pauperis* status must be denied unless plaintiff has asserted claims which indicate that he is in imminent danger of serious physical injury.

"The 'three-strikes' provision in the [Prison Litigation Reform Act ("PLRA")] was designed to accomplish th[e] [PLRA's] goal [of deterring frivolous prisoner lawsuits and appeals] by 'forc[ing prisoners] to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?'" Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007) (*quoting* Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir.1999)). A federal district

court may invoke the "three strikes" rule throughout the pendency of the proceeding and has the authority to revoke *in forma pauperis* status previously granted if it determines that granting *in forma pauperis* status was improvident. *See, e.g.,* Brown v. Kepiec, 2009 WL 818959, *2 (N.D.N.Y. 2009); Welch v. Charlan, 2008 WL 5382353, *1 (N.D.N.Y. 2008).

A.  **"Strikes" under §1915(g)**

Defendants allege that prior to filing this action, 11 of plaintiff's prior cases or appeals had been dismissed as frivolous, malicious or for failing to state a claim. Defendants rely upon the docket sheets and decisions from these cases. Sleight Declaration [40], ¶10, Exs. A-K. *See* Harris v. City of New York, 607 F.3d 18, 20, 23-24 (2d Cir. 2010) (in considering whether a case or appeal was dismissed for strike reasons, the reviewing court may refer to a written decision where available or a docket sheet).[2] Plaintiff's opposition to defendants' motion does not expressly deny that he has garnered three strikes. Instead, he argues that defendants, "in

---

[2]  In Gibson v. City Municipality of New York, 692 F.3d 198, 200, n.2 (2d Cir. 2012), the Second Circuit cited to Harris and noted in pertinent part that:

"We do not believe . . . that federal law requires a district court to specify, in an order dismissing a prisoner's complaint pursuant to 28 U.S.C. §1915(g), the particular orders on which the court relies . . . . Nonetheless, . . . when a district court dismisses a prisoner's complaint pursuant to Section 1915(g) without citing or otherwise identifying the three prior dismissals that provide the basis for the court's determination, and the prisoner argues on appeal that he had not in fact filed three prior actions that had been dismissed under circumstances described in Section 1915(g) and thus had not accumulated three strikes under the PLRA, it may in certain circumstances be necessary for a reviewing court to remand the case for further proceedings in order to determine whether the prisoner had indeed accumulated three strikes."

complete disregard" of court deadlines, have "filed a frivolous motion to dismiss the [*in forma pauperis*] status". Plaintiff's Affidavit [46], ¶7.[3]

Having reviewed materials submitted by defendants I find that, while a number of the cases and appeals that defendants submit should be considered "strikes" under §1915(g) are not strikes, at least three are cases or appeals should be counted as strikes inasmuch as they were dismissed as frivolous or for failure to state a claim. These cases, include:

(1) Orraca v. Lee, 07-1602-pr (Second Circuit, Docket Sheet, Order, filed Jan. 14, 2008): plaintiff-appellant's appeal dismissed "because it lacks an arguable basis in fact or law". Sleight Declaration [40], Ex. C;

(2) Orraca v. Palmer, No. 7:05-cv-01857 (S.D.N.Y., Docket Sheet, [21], Memorandum and Order, filed June 13, 2006, adopting Report and Recommendation): granting defendants' motion to dismiss federal claims, with prejudice, for failure to state a claim upon which relief can be granted and dismissing claims arising under state law, without prejudice. Id., Ex. H; and

---

[3] Pursuant to the Amended Case Management Order [24] dispositive motions were due by July 31, 2012. Id., ¶2. Since no dispositive motions were filed, a conference was conducted on August 10, 2012 [28]. At that time, the parties agreed to proceed before a Magistrate Judge and to conduct a settlement conference. Id. When no settlement was reached at the January 11, 2013 settlement conference, I ordered that dispositive motions, if any, be filed by February 28, 2013 [35]. Defendants' motion was filed by this deadline [38].

(3) Orraca v. Reyes, No. 1:05-cv-01393-MBM (S.D.N.Y., Docket Sheet [3], Order of Dismissal, filed February 2, 2005): complaint dismissed pursuant to 28 U.S.C. §1915(e)(2). Id., Ex. I.[4]

Therefore, I conclude that plaintiff had accumulated at least three strikes prior to the filing of this action.

---

[4] As to the remaining eight cases defendants allege are "strikes," I note that a number of them are either not strikes or that it is still an open question in this Circuit whether they are considered strikes pursuant to 28 U.S.C. §1915(g).

First, three of the cases or appeals were partial dismissals of the complaint based on strike reasons. Sleight Declaration [40], ¶10 and Exs. A, B and F. Defendants' Memorandum of Law notes correctly that there is a split among some district courts in this Circuit as to whether partial dismissals of a complaint constitute a strike under §1915(g). I agree with the reasoning of Judge Siragusa in Read v. Bill, 2011 WL 6148635, *2-3 (W.D.N.Y. 2011) that a partial dismissal does not constitute a strike. It is also instructive to note that in Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2000), the Second Circuit reversed a decision of this District which found that since plaintiff only alleged imminent danger of serious physical injury with respect to some of the claims pled in the complaint, those claims that did not have a nexus to the imminent danger alleged could be dismissed under the three strikes rule. The Second Circuit reversed noting that the plain language of §1915(g) "refer to a prisoner bringing 'a civil action,' rather than individual claims[]" and "[n]othing in the text of §1915 provides any justification for dividing an action into individual claims and requiring a filing fee for those that do not relate to imminent danger." This same reading of §1915(g) would appear to support the finding that partial dismissals of some claims, but not all claims, pled in the complaint, for strike reasons would not constitute a strike inasmuch as the entire action was not dismissed for strike reasons.

Second, defendants rely on three cases where either summary judgment was granted dismissing the action (Sleight Declaration [40], ¶10, Exs. A, B) or both a motion to dismiss dismissing some claims for failure to state a claim was granted and a motion for summary judgment dismissing the remaining claims was granted (id., Exh. K). The dismissal of an action upon the granting of summary judgment has been found not to count as a strike under §1915(g). See Ramsey v. Goord, 2007 WL 1199573, *2 (W.D.N.Y. 2007) (Arcara, J./Foschio, M.J.) (collecting cases finding that a dismissal on summary judgment does not count as a strike).

Third, defendants rely on the dismissal of a petition for a writ of habeas corpus and the dismissal of petitioner's appeal from that dismissal as strikes (Sleight Declaration [40], ¶10, Exs. G, J), but following the filing of defendants' motion herein the Second Circuit held that neither the dismissal of a petition for a writ of habeas corpus nor the dismissal of petitioner's appeals related to that dismissal constitute a strike under §1915(g). See Jones v. Smith, 720 F.3d 142, 147-48 (2d Cir. 2013).

B.      **"Imminent Danger of Serious Physical Injury"**

As discussed above, an inmate who has garnered three or more strikes cannot proceed *in forma pauperis* unless he "is under imminent danger of serious physical injury." Plaintiff alleges that he "was in serious harm and under imminent danger when he was physically and sexually violated by the Defendants". Plaintiff's Affidavit [46], ¶8.

In order for the "imminent danger of serious physical injury" exception to apply "the danger must exist at the time the complaint is filed." Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002). The "safety valve for the 'three strikes' rule [was designed] to prevent impending harms, not those harms that had already occurred." Id. at 563 (*quoting* Abdul–Akbar McKelvie, 239 F.3d 307, 313 (3d Cir.2001) (en banc)). A plaintiff must allege facts "plausibly suggesting that he was under imminent danger of serious physical injury" at the time he filed the complaint. Chavis v. Curlee, 2008 WL 508694, *5 (N.D.N.Y. 2008); *see also* Polanco v. Hopkins, 2007 WL 914023, *3-5 (W.D.N.Y.) (Siragusa, J.), aff'd 510 F.3d 152 (2d Cir. 2007) ("[T]he Court must determine whether plaintiff's complaint makes it clear that he was in imminent danger at the time he filed his lawsuit").

The imminent danger exception to three strikes rule applies only when an adequate nexus exists between the imminent danger alleged and the legal claims asserted in the inmate's complaint. *See* Pettus v. Morgenthau, 554 F.3d 293, 298 (2d Cir. 2009). A court may discredit "factual claims of imminent danger that are 'clearly baseless,' *i.e.*, allegations that are fantastic or delusional and rise to the level of 'irrational or wholly incredible.'" Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998) (*quoting* Denton v. Hernandez, 504 U.S. 25, 33 (1992)). *See* Webb v. Texas Department of Criminal Justice, 2007 WL 4166124, *1 (E.D.Texas 2007)

("[P]laintiff's objections that he is in imminent danger of serious physical injury because 300 inmates can see his thoughts and cause him pain telepathically are fanciful and delusional."); Williams v. Birkett, 2007 WL 2421329, at *2 (E.D. Mich. 2007) ("Courts are permitted to deny a prisoner leave to proceed *in forma pauperis* when his claims of imminent danger are 'conclusory or ridiculous'" (*quoting* Gibbs, 160 F.3d at 967)).

The Complaint [1], while not a model of clarity and somewhat disjointed, alleges that defendant Richard Ceccee,[5] a correctional officer, had befriended plaintiff upon his arrival at Southport Correctional Facility and that one day Ceccee told plaintiff that he had worked in the porn industry. Id., ¶15. Plaintiff alleges that Ceccee also told him that several of the officers "g[i]ve the men's [*sic*] that they want for themselves, or the men's [*sic*] that they like the best 'job,' and at times they provided them with thing [*sic*] that are not allowed in Southport" and "that he should go up to the third floor . . . [where] it would be easier for thing[s] . . . to happen and that plaintiff should be taken care of nicely." Id., ¶17. Plaintiff rejected Ceccee's advances. Id.

Upon plaintiff's return from a court trip on January 29, 2010, Cecee ordered him to move to the third floor and he was then sent directly there. Id., ¶18. When plaintiff complained to a sergeant, he was removed from the third floor, and the sergeant asked Ceccee to "explain . . . how [plaintiff] end[ed] up in the third floor". Id., ¶19. When the sergeant left, Ceccee "looked crazy" and said to plaintiff, "you would not be in this gallery long asshole you made me look bad real . . . bad and you [are] going to pay for it". Id. Ceccee then wrote a

---

[5]   Whereas the Complaint [1] identifies the defendant as "Ceccee", the Answer [6] identifies him as "Cecce".

"concocted" misbehavior report, and assaulted plaintiff on his way to the shower on or about February 1, 2010. Id., ¶¶19, 28.

On February 18, 2010, plaintiff alleges that he was sexually assaulted and propositioned by defendant Richard Augustine, a correctional officer, and when he told Augustine "I am not into men's more than once", Augustine maliciously "rushed" plaintiff against the wall, while he was handcuffed, causing him to sustain a laceration on his head. Id., ¶10. Plaintiff also alleges that on February 24, 2010, Augustine, with the assistance of defendant Drew Onifer, a correctional officer, sexually assaulted plaintiff in the shower and that when plaintiff refused, he was assaulted by Augustine. Id., ¶¶12, 26. Augustine then wrote a false misbehavior repot to "cover up his actions." Id., ¶13.

Plaintiff's allegations appear to be that the sexual assaults and assaults on February 1, 18 and 24, 2010 were in retaliation for plaintiff's refusal to engage in homosexual acts with Ceccee initially and then later with Augustine and Onifer. Plaintiff's complaint was filed on October 21, 2010, almost seven full months after the last alleged sexual assault.[6]

Defendants do not address whether plaintiff's allegations assert a claim of imminent danger of serious physical injury. Nevertheless, there are no allegations in the Complaint that indicate that at the time plaintiff commenced this action in October 2010, he was in any imminent danger of serious physical injury. Nor are there any allegations that between February 2010, when the assaults allegedly occurred, and October 2010, when plaintiff filed the Complaint, that plaintiff was assaulted again.

---

[6] See Johnson v. Coombe, 156 F.Supp.2d 273 (S.D.N.Y. 2001) ("Although it is not clear when the plaintiff gave his complaint to prison officials, '[a]bsent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it'" (citing cases)).

"[A] three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint if filed." Pettus, 554 F.3d at 296 (*citing* Malik, 293 F.3d at 562-63. "Because §1915(g) use the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed. Further, [b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the three strikes rule to prevent impending harms, not those harms that had already occurred." Malik, 293 F.3d at 562-63 (internal quotation marks and citation omitted). *See* Polanco, 510 F.3d at 155 (rejecting a challenge to the time-of-filing interpretation of the imminent danger exception); Avent v. Fisher, 2008 WL 5000041, *5-6 (N.D.N.Y. 2008) ("[U]nless the prospect of. . . a future assault is so specific and/or likely as to be deemed real, such an allegation will not suffice to allege an 'imminent danger' on the date of the filing. This point of law is consistent with the rather well-established rule that the imminent danger claimed by the inmate must be real, and not merely speculative or hypothetical" (internal quotation marks and citations omitted)).

This District has found that three assaults, the most recent one occurring just three months prior to the commencement of the action, did not constitute imminent danger of serious physical injury. *See* Perkins v. Napoli, 2011 WL 6148988, *2, 8 (W.D.N.Y. 2011) (Siragusa, J.). Therefore, I conclude that plaintiff's allegations in the Complaint that he was assaulted on three occasions seven months prior to filing of the Complaint do not indicate that he was under imminent danger of serious physical injury, and thus his *in forma pauperis* status must be revoked. Plaintiff will be provided an opportunity to pay the full filing fee of $350.00 by

October 31, 2013, and he is advised that if he fails to pay the full filing fee by that date this action will be dismissed without further order or notice to him.

## CONCLUSION

For these reasons, defendants' motion to revoke plaintiff's *in forma pauperis* status [38] is granted. **Plaintiff must pay the full filing fee of $350.00[7] on or before October 31, 2013, or this action will be dismissed,** without prejudice and without further order of the Court or notice to plaintiff. Plaintiff's cross-motion for appointment of counsel [46] is denied as moot, without prejudice to renewal upon payment of the filing fee.

I hereby certify, pursuant to 28 U.S.C. §1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. See Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

Dated: September 26, 2013

                                                /s/ Jeremiah J. McCarthy
                                                JEREMIAH J. MCCARTHY
                                                United States Magistrate Judge

---

[7] For civil cases filed on or after May 1, 2013, an additional administrative fee of $50.00 has been added to the total cost of filing a civil lawsuit in District Court, which brings the total cost to $400.00. This additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*. Because this action was filed before May 1, 2013, plaintiff, if he chooses to pay the filing fee, will not be required to pay the additional $50.00 administrative fee.